WOZNIAK v. STATE BOARD OF EXAMINERS IN OPTOMETRY

1. LICENSES — OPTOMETRISTS — UNETHICAL PRACTICES — HEARING —
   REMEDY — INJUNCTION.
   Refusal to enjoin a state optometry board hearing on charges
   of gross incompetence and malpractice against an optometrist
   were proper where there was no basis on which relief could be
   given to plaintiff optometrist whose remedy was in an appeal,
   if necessary, from the board's decision.

2. LICENSES — OPTOMETRISTS — UNETHICAL PRACTICES — HEARING
   — SUFFICIENCY OF NOTICE.
   Incorporation of a complaint for unethical practices into the
   notice of hearing served upon an optometrist sufficiently
   apprised him of the nature of the charges against him and
   informed him of the scope of the hearing to be held by the
   state optometry board regarding possible suspension or rev-
   ocation of his license (MCLA § 338.254).

3. LICENSES — OPTOMETRISTS — UNETHICAL PRACTICES — STANDARDS
   — STATUTES.
   Failure of the optometry statute to set forth a specific listing
   of unethical practices does not mean that there are insuf-
   ficient standards upon which to base a complaint of gross
   incompetence and malpractice since words in a statute are
   given their usual and customary meaning, unless otherwise
   defined, and the statute, when read in its entirety, will be
   construed in the light of its objectives (MCLA § 338.254).

Appeal from Genesee, Philip C. Elliott, J. Sub-
mitted Division 2 April 8, 1970, at Lansing. (Docket

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur 2d, Licenses and Permits §§ 85, 149.
[2] 51 Am Jur 2d, Licenses and Permits §§ 60, 61.
[3] 51 Am Jur 2d, Licenses and Permits §§ 53–56, 60.

No. 7,774.) Decided May 1, 1970. Leave to appeal denied July 27, 1970. See 383 Mich 809.

Complaint by Erwin J. Wozniak against Michigan Board of Examiners in Optometry, to enjoin the board from requiring him to answer charges of gross incompetence and malpractice. Summary judgment for defendants. Plaintiff appeals. Affirmed.

*Edward P. Joseph,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Maurice M. Moule,* Assistant Attorney General, for defendants.

Before: McGregor, P. J., and Danhof and Larnard,[*] JJ.

Per Curiam. Plaintiff, a duly licensed and practicing optometrist, was served with notice of hearing issued by the Board of Examiners in Optometry, to answer charges of gross incompetence and malpractice. He filed a complaint, asking that the board show cause why the hearing should not be enjoined pending final determination of his complaint and, further, that upon a hearing on the merits, a permanent injunction be issued restraining the hearing. Defendants' motion for summary judgment was granted.

On appeal, plaintiff argues that the trial court's finding of no claim on which relief could be granted was erroneous.

Plaintiff first contends that he was not apprised of the nature of the hearing. We disagree: the notice of hearing issued by the board incorporated

---

[*] Circuit Judge, sitting on the Court of Appeals by assignment.

the complaint, so that plaintiff was properly informed as to the scope of the license hearing.

Plaintiff further contends, in effect, that the Optometry Act, PA 1909, No 71, as amended, MCLA § 338.251 *et seq.* (Stat Ann 1969 Rev § 14.641 *et seq.*), in failing to set forth a specific listing of unethical practices, lacked sufficient standards upon which to base a complaint. This charge has been answered in *Sanchick* v. *State Board of Optometry* (1955), 342 Mich 555. Plaintiff's remedy herein is appeal from the board's decision, if necessary.

Affirmed.